**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

GARRICK CURRINGTON,        )
                           )
        Plaintiff,      )
                           )
v.                       )     No. CIV-09-346-FHS
                           )
ULTIMATE DRILLING CO., LLC,  )
                           )
        Defendant.     )

**ORDER AND OPINION**

On May 21, 2010, Plaintiff, Garrick Currington, filed a Motion
for Summary Judgment (Dkt. No. 31) on his claims against Defendant,
Ultimate Drilling Co., LLC ("Ultimate"), for race discrimination,
hostile work environment, and retaliation brought under the
authority of Title VII of the Civil Rights Act of 1964, 42 U.S.C.
§ 2000e *et seq.*, 42 U.S.C. § 1981, and the Oklahoma Anti-
Discrimination Act("OADA"), 25 O.S. § 1101 *et seq*. Ultimate's
response to the Motion for Summary Judgment was due on June 4,
2010. After Ultimate did not file a response by the due date, the
Court entered an order on June 8, 2010, directing Ultimate to show
cause by June 15, 2010, why Plaintiff's Motion for Summary Judgment
should not be granted as confessed due to Ultimate's failure to
respond to said motion in accordance with Local Rule 7.1(c) and
(h). The mailing of the show cause order to Ultimate was returned
with a new address for Ultimate. Consequently, the Court directed
the Clerk of the Court to resend the show cause order to the new
address and Ultimate was given until July 2, 2010, to respond.
Ultimate has failed to file a response to the show cause order by
the July 2, 2010, deadline. The Court therefore finds that
Ultimate has confessed the matters contained in Plaintiff's Motion
for Summary Judgment.

1

Based on Ultimate's confession, as well as an independent review of the Plaintiff's Motion for Summary Judgment, including the attached affidavits of Plaintiff and his co-worker, Steven Wartley, the Court finds Plaintiff is entitled to judgment in his favor on his claims for race discrimination, hostile work environment, and retaliation brought under the authority of Title VII and 42 U.S.C. §1981. Plaintiff is not, however, entitled to judgment in his favor under the OADA as such legislation does not provide a private right of action for persons alleging employment discrimination on the basis of race or retaliation. <u>See</u> <u>Tate v. Browning-Ferris, Inc.</u>, 833 P.2d 1218, 1229 (Okla. 1992)(no private right of action under the OADA for person aggrieved by racially discriminatory practices); <u>Sims v. Halliburton, Co.</u>, 185 F.3d 875 (Table), 1999 WL 495629, at *7 (10th Cir. 1999)(addition of private right of action for victims of handicap discrimination under 1990 amendment to the OADA does not "suggest an intent to provide a private right of action for victims of other types of employment discrimination").

Plaintiff's Motion for Summary Judgment (Dkt. No. 31) is therefore granted to the extent that Plaintiff is entitled to the entry of judgment in his favor on his claims for race discrimination, hostile work environment, and retaliation brought under the authority of Title VII and 42 U.S.C. §1981. Plaintiff's Motion for Summary Judgment (Dkt. No. 31) is denied as to Plaintiff's claims under the OADA. Having resolved the issue of liability in favor of Plaintiff, the Court will proceed to a determination of the appropriate remedy to award Plaintiff on his claims under Title VII and 42 U.S.C. § 1981. In this respect, this matter is set for hearing on August 11, 2010, at 11:00 a.m. to consider Plaintiff's requested relief.

It is so ordered this 6th day of July, 2010.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma